## HIGGINS v CONTINENTAL INDUSTRIAL BANK

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 17723. Decided Sept. 30, 1940

Squire, Sanders & Dempsey, Cleveland, for plaintiff-appellee.

Hauxhurst, Inglis, Sharp & Cull, Cleveland, for defendant-appellant.

## OPINION

By TERRELL, PJ.

This case involves a claim for conversion by the defendant, of stock belonging to the plaintiff. It arises out of an apparently complicated set of circumstances which we might briefly detail as follows:

The plaintiff had certain dealings pertaining to stock investments with his own trusted friend and agent, named Leslie Baer. Plaintiff lived in the State of Michigan, but he visited in Cleveland at various times. Leslie Baer was located in Cleveland. Baer was also confidential adviser of Higgins in his purchase and sale of stocks and securities. Higgins went to Michigan and left Leslie Baer with proper right of access to his safety deposit box wherein he kept his securities. Higgins had a loan with one of the banks in Cleveland to secure which he had hypothecated some stocks and securities. Some time later, Higgins communicated with Baer, his confidential agent, and asked him to arrange to have this loan taken up by some other bank. Baer thereupon made arrangements with the defendant, Continental Industrial Bank, to take up the loan of the first bank and had the securities for this loan deposited as security for the loan with the defendant.

Baer falsely informed Higgins however, that he was unable to get a bank to make such a loan for such a time as requested. It would then appear between the parties that Higgins was properly under the belief that Baer had advanced his own money to pay off this loan at the first bank and that he was in possession of the securities in question and that those securities should have been deposited by him in the safety deposit box of Higgins. However, Baer had transacted this business with the defendant, Continental Industrial Bank, in the name of H. Ralph Higgins. The bank was under the impression that he was H. Ralph Higgins, and they did not know him as Leslie Baer.

Baer, then, appearing to the defendant, Continental Industrial Bank, as H. Ralph Higgins, conducted a course of business with the defendant in which he increased his borrowings upon collateralized securities, some of which apparently belonged to him personally. Notices from time to time of the condition of the account were sent to Baer by the defendant, Continental Industrial Bank, always in the name of H. Ralph Higgins. These notices were acknowledged by him personally and in response thereto other business transactions with the defendant were engaged in.

Now, during all this period of dealings by Leslie Baer with the defendant, Continental Industrial Bank, under the name of H. Ralph Higgins, there had been deposited by Baer the certain stock in question which it is alleged was converted by the defendant, Continental Industrial Bank, to-wit, ten (10) shares of capital stock in The Halle Brothers Company.

Apparently at this time the defendant bank was in possession of The Halle Brothers Company stock without any proper authority from the owner thereof, H. Ralph Higgins, and if at that time the bank had been called upon to make an accounting to H. Ralph Higgins for this stock or the proceeds thereof, it would have been liable to respond thereto.

But, thereafter, the following events transpired. H. Ralph Higgins came to Cleveland and met Leslie Baer and was informed by Baer that now was a good time to sell The Halle Brothers Company stock and he thereupon authorized Baer to sell the stock at $107.50 per share. Thereupon, Baer directed the defendant, Continental Industrial Bank, to sell the ten shares of Halle Brothers Company stock at 107½ and sell all other securities that Baer had in that account. in addition to the ten shares of the Halle Brothers stock and to pay

off the loan and remit to him the balance.

Defendant did then sell the Halle Brothers Company stock with all the other stock in the account. Plaintiff, H. Ralph Higgins, had no interest in the other stock that was sold. From the sale of this stock there was received $1069.60 for the ten shares of Halle Brothers Company stock. In addition thereto there was received sufficient money by the defendant, Continental Industrial Bank, to pay off its loan, leaving a balance of $1585.82, including the amount received for the ten shares of Halle Brothers Company stock. Upon the request of Baer, a check was made out to him by the defendant bank for the amount of $1585.82. The bank believing that his name was H. Ralph Higgins, issued a check to Leslie Baer in the name of H. Ralph Higgins. Baer failed to account to his principal for the amount received on the sale of the ten shares of Halle Brothers Company stock in this check of $1585.82, but converted the whole proceeds thereof to his own use.

It is our conclusion that although Leslie Baer had wrongfully hypothecated his principal's stock for a loan with the defendant bank, that when Baer was orally authorized to sell the Halle Brothers Company stock, he was authorized to receive the proceeds thereof. The bank, therefore, not knowing of Baer's deception to his principal, was legally justified in selling the ten shares of Halle Brothers Company stock and turning the proceeds over to Baer. That therefore, in his failure to account to his principal, Baer was guilty of a dereliction of duty to his principal and the bank did not partake in this dereliction and the bank was not therefore guilty of converting this stock or the proceeds thereof under the circumstances.

The authority of Leslie Baer to sell, or to direct the sale of this ten shares of Halle Brothers Company stock is clearly set forth in the evidence which shows communications between H. Ralph Higgins and Baer. Higgins was advised by Baer that he had sold this stock. Higgins acknowledged receipt of this advice and instructed Baer to invest the money derived therefrom in certain specific stock and he later instructed Baer to have that investment changed and to invest in a greater number of diversified stocks.

From all this evidence, we conclude that Leslie Baer was the confidential and trusted agent of H. Ralph Higgins, that what the defendant, Continental Industrial Bank did pertaining to the sale of the Halle Brothers Company stock, was authorized by H. Ralph Higgins; that the stock was accordingly sold and the proceeds thereof given to Leslie Baer and that Baer's conversion thereof cannot be charged as a liability to the defendant Continental Industrial Bank.

Accordingly, we have come to the conclusion that the decision of the trial court should be reversed, and final judgment entered for defendant, Continental Industrial Bank.

Exceptions may be noted.

LIEGHLEY, J., MORGAN, J., concur.